1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERRILL JOSEPH VOLPICELLI,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents.*

3:10-cv-00005-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' (#19) to dismiss, petitioner's motion (#34) for leave to file a traverse to the reply or in the alternative renewed motion for counsel, and respondents' motion (#36) to substitute party. Respondents seek the dismissal of a large number of claims in the petition primarily for lack of exhaustion.

## *Background*

Petitioner Ferrill Joseph Volpicelli challenges his Nevada judgment of conviction, pursuant to a jury verdict, of one count of conspiracy to commit crimes against property, eight counts of burglary, and one count of unlawful possession, making, forgery, or counterfeiting of inventory pricing labels. Petitioner challenged his conviction on direct appeal and state post-conviction review.

## *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156

1  (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the

2  petitioner must refer to the specific federal constitutional guarantee and must also state the facts that

3  entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983,

4  987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with

5  both the operative facts and the federal legal theory upon which the claim is based.  *E.g., Castillo v.*

6  *McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state courts,

7  as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged

8  violations of federal constitutional guarantees.  *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111

9  S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

10        Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition

11  presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the

12  petitioner dismisses the unexhausted claims or seeks other appropriate relief.

13                              *Discussion*

14        Petitioner presents 23 grounds in the federal petition.  Respondents challenge the exhaustion,

15  in full or in part, of every ground except Grounds 7 and 11.  Sundry groupings of grounds share

16  common exhaustion issues.  The parties have organized their argument by these groupings, and the

17  Court similarly organizes its discussion by these same groupings.  The Court thereafter discusses any

18  remaining generalized across-the-board exhaustion arguments presented by petitioner.

19     ***Grounds 1, 2, 10, 12 through 17, and 19 through 22***

20        The exhaustion issue with regard to Grounds 1, 2, 10, 12 through 17, and 19 through 22

21  essentially is whether these claims were fairly presented to the Supreme Court of Nevada on the state

22  post-conviction appeal.

23        In federal Ground 1, petitioner alleges that he was denied, *inter alia*, effective assistance of

24  counsel when appellate counsel failed to properly "federalize" direct appeal claims: (a) that the state

25  district court erred in finding the indictment lawful after the State presented a prior burglary conviction

26  to the grand jury; (b) that petitioner was not "competent" at the time of the crimes; (c) that the jury may

27  have convicted petitioner on insufficient evidence; and (d) that the district court abused its discretion

28  in finding habitual criminal status for two counts and running them consecutive.

In  Ground 2, petitioner alleges that he was denied due process and equal protection in violation of the Fifth, Sixth, and Fourteenth Amendments when the state supreme court failed to provide necessary and adequate appellate review on direct appeal by allegedly not protecting petitioner's constitutional rights when adjudicating the direct appeal claims presented.

In Ground 10, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when trial counsel allegedly failed to protect him from a selective and vindictive prosecution.

In Ground 12, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when trial counsel failed to object to the prosecutor's alleged vouching for the co-defendant's allegedly known perjured testimony.

In Ground 13, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when trial counsel failed to investigate and argue that storage unit representatives allegedly acted as agents for the police in derogation of his Fourth Amendment right to privacy.

In Ground 14, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when trial counsel allegedly did not investigate "discovery issues related to prosecutorial transgressions, so as to unveil the state's purposeful withholding of exculpable [sic] evidence."

In Ground 15, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when trial counsel failed to appeal the state district court's decision to not quash the indictment and failed to investigate and proffer other alleged deficiencies in the indictment.

In Ground 16, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel because of an alleged "actual conflict of interest" between trial counsel and petitioner, although the allegations presented do not reflect a true conflict of interest as opposed to a disagreement between petitioner and trial counsel over "counsel's and Petitioner's tactics and theories on how to defend Petitioner at trial."

In Ground 17, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel at sentencing when trial counsel allegedly failed to investigate and present "a host of mitigating information."

In Ground 19, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel when counsel allegedly failed to protect him from an excessive sentence and unfair sentencing hearing.

1      In Ground 20, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel

2  when trial counsel failed to protect him from prosecution on two counts that allegedly impermissibly

3  prosecuted him for his First Amendment freedom of thought in that he allegedly was prosecuted on the

4  basis of law enforcement officer's perceptions of his private thoughts.

5      In Ground 21, petitioner alleges that he was denied, *inter alia*, effective assistance of counsel

6  when trial counsel failed to protect him from prosecution under allegedly unconstitutionally vague

7  statutes in N.R.S. 205.060 and 205.965.

8      In Ground 22, petitioner alleges that he was denied rights to due process, equal protection,

9  effective assistance of counsel, and a fair tribunal due to the cumulative effect of errors by counsel, the

10  prosecution, and the court, including but not limited to, the allegations in the prior 21 grounds.

11      The factual allegations and argument presented – in federal court – in support of the foregoing

12  grounds collectively span 44 pages in the federal petition.

13      No such specificity was presented in the briefing to the Supreme Court of Nevada on the state

14  post-conviction appeal.

15      On state post-conviction review, the state district court dismissed all but four of petitioner's

16  grounds in an interlocutory order and thereafter held an evidentiary hearing on the remaining four

17  grounds.[1]

18      On the state post-conviction appeal, the then-represented petitioner did not provide any

19  argument specific to any of the grounds dismissed by the interlocutory order, with the limited exception

20  of one conclusory reference to the habitual criminal adjudication.

21      Petitioner instead presented the following, in the main, conclusory argument:

### I.  The Trial Court Erroneously Dismissed all but Four of Petitioner's Grounds for Relief without a Hearing

An evidentiary hearing is required in regard to any claims that are supported by specific factual allegations unrepelled by the record and that would warrant relief if true.  *Evans v. State*, 117 Nev. 609, 621, 28 P.3d 498, 507 (2001).

This court recently held that the argument that counsel made

_____

[1]#23, Ex. 100.

-4-

1    reasonable strategic choices is in many instances a difficult assessment
2    to make without the benefit of counsel's testimony at an evidentiary
     hearing. *Byford v. State*, 123 Nev. Adv. Op. No. 9 (2007) at p.3.

3        Certainly the attorney's decision to stipulate to the admission of
4    the "prior convictions" was not a reasonable strategic choice, and the
     district court should have heard evidence on this issue.

5    #25, Ex. 137, at 3; see also *id.*, Ex. 143, at 1 (verbatim argument in reply brief, as amended).

6    The Supreme Court of Nevada stated as follows in this regard:

7
8        Next, appellant argues that the district court erred by conducting
     an evidentiary hearing over only four of his claims and dismissing the
     remainder.  Other than the claim concerning the use of past convictions
9    for adjudicating appellant as a habitual criminal, appellant makes no
     specific argument for why an evidentiary hearing should have been
10   conducted concerning any other claims or why the district court erred in
     dismissing any other claims.  Hargrove, 100 Nev. at 502-03, 686 P.2d at
11   225.  Because appellant's claim was not supported by specific argument,
     we conclude appellant failed to demonstrate the district court erred.  See
12   Mazzan v. Warden, 116 Nev. 48, 75, 993 P.2d 25, 42 (2000).

13   #25, Ex. 147, at 6-7.

14   In the *Mazzan* decision invoked by the Supreme Court of Nevada, the state high court held as

15   follows:

16
17       Mazzan also lists six other claims which he raised in his petition
     and which the district court did not address: other instances of
18   ineffective assistance of counsel; destruction of material evidence by the
     state; conflict-laden counsel; questioning by the state while Mazzan was
19   held without a probable cause hearing; an unconstitutional instruction on
     reasonable doubt; and improper sentencing instructions.  He does not
20   cite the record regarding these claims, does not discuss their merits, and
     does not address whether they are procedurally barred.  Contentions
21   unsupported by specific argument or authority should be summarily
     rejected on appeal. *See Jones v. State*, 113 Nev. 454, 468, 937 P.2d 55,
     64 (1997); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).
22   *We therefore have not considered these claims.*

23   1116 Nev. at 75, 993 P.2d at 42 (emphasis added).

24   The state supreme court's citation to *Mazzan* thus reflects that the court summarily rejected the

25   claims without considering the merits of the claims.

26   The grounds in question therefore were not fairly presented to the Supreme Court of Nevada and

27   exhausted because they were not presented through a procedure in which the merits of the claims would

28   be considered.  It is established law that presenting a claim in a procedural context in which the merits

1   of the claim will not be considered, or will be considered only in special circumstances, does not

2   constitute fair presentation of the claim.  *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct.

3   1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Appellate

4   courts as a rule generally review only claims and issues argued specifically and distinctly in the briefing,

5   and a bare assertion of a claim or issue does not preserve the claim or issue for appellate review.

6   *See,e.g., Farmer v. McDaniel*, 666 F.3d 1228, 1233 n.5 (9th Cir. 2012); *Nevada Department of*

7   *Corrections v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011), *cert. denied*, 80 U.S.L.W. (Mar. 26, 2012).

8   In the present case, the state high court's citation to *Mazzan* confirms that the Supreme Court of Nevada

9   similarly did not review petitioner's wholly bare assertion of a multitude of claims in a blanket

10  conclusory fashion here.

11          In this regard, the presence of petitioner's *pro se* state post-conviction petition in the record

12  appendix on the state post-conviction appeal does not lead to a different conclusion.  Under Nevada

13  state practice, petitioner could not incorporate claims from materials in the appendix into the appellate

14  briefing even if counsel had attempted to do so.  Under Rule 28(e)(2) of the Nevada Rules of Appellate

15  Procedure (NRAP), parties may not incorporate briefs or memoranda filed in the state district court for

16  argument on the merits of an appeal.  The provisions of NRAP 30(b)(2)(A) and (3) require the inclusion

17  of the district court pleadings in the appendix as a matter of course.  The mere presence of a pleading

18  in an appendix on a Nevada appeal thus does not present any claim.  Rather, the pleadings are present

19  in the appendix simply because that is what Nevada appellate rules require.  Generally, in order to fairly

20  present a claim to a state appellate court, a petitioner must  present the claim to the court within the four

21  corners of his appellate briefing.  *E.g., Castillo v. McFadden*, 399 F.3d 993, 1000 & 1002 n.4 (9th Cir.

22  2005); *see also Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)("We

23  . . . hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must

24  read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal

25  claim in order to find material, such as a lower court opinion in the case, that does so.").  The state

26  supreme court's citation to *Mazzan* in this case confirms that, under established Nevada appellate

27  practice, petitioner did not fairly present any of the claims in question to the Supreme Court of Nevada

28  because he did not present specific supporting argument within his briefing.

1    Moreover, even if the Court were to assume, *arguendo*, that the state supreme court's disposition

2    constituted a disposition on the merits of the claims in question, the claims nonetheless would not be

3    fairly presented and exhausted under established law.  If the petitioner fundamentally alters the legal

4    claim presented to the state courts on federal habeas review, the claim in federal court is not exhausted.

5    *See,e.g., Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002).  Here, there can be no doubt that

6    presenting multiple specific claims in federal court with allegations and argument spanning 44 pages

7    fundamentally alters a bare reference to claims *in globo* with no specific argument as to any of the

8    claims in the state supreme court.  None of the specifics presented in the federal petition were presented

9    to the state supreme court within the governing appellate briefing rules.

10    However the exhaustion issue is analyzed in this regard, it would stand the exhaustion doctrine

11    on its head to hold that petitioner's bare assertion on appeal – without any specific argument as to any

12    of the claims in question – exhausted the corresponding 44 pages of claims in the federal petition.

13    Grounds 1, 2, 10, 12 through 17, and 19 through 22 therefore are not exhausted.[2]

14    ***Grounds 3 through 6***

15    The exhaustion issue with regard to Grounds 3 through 6 is whether the claims presented in state

16    court were presented as federal constitutional claims rather than claims of state law error.

---

18    [2]As an alternative holding, the Court holds, in the event that a reviewing court concludes that the claims are
19    exhausted, that the state supreme court's *arguendo* rejection of the conclusory presentation was neither contrary to nor
an unreasonable application of clearly established federal law as determined by the United States Supreme Court.  In this
20    regard, federal courts are restricted on federal habeas review to the state court record when deciding claims previously
adjudicated on the merits by the state courts.  *Cullen v. Pinholster*, ___U.S. ___, 131 S.Ct. 1388, 179 L.Ed.2d 557
21    (2011).  In the present case, the state supreme court was presented with only the barest of assertions as to these claims in
the briefing on the state post-conviction appeal.  Any *arguendo* rejection of the claims on the merits on that showing was
22    neither contrary to nor an unreasonable application of clearly established federal law.

23    On the exhaustion issue, the Court further has assumed, *arguendo*, that the claims presented in federal court are
the same as the claims presented in the state district court.  The critical issue is whether the claims were fairly presented
24    to the Supreme Court of Nevada on the post-conviction appeal.

25    The Court notes that it appears that state Grounds 12 and 14 were not dismissed in the interlocutory order.  The
critical point, however, again, is that the claims therein were not fairly presented on the state post-conviction appeal.
26    The claims in federal Grounds 12 and 14 were not fairly presented to and/or considered on the state post-conviction
appeal, regardless of whether or not they were dismissed by the interlocutory order.  See #25, Exhs. 137 & 147.  If
27    Grounds 12 and 14 were not dismissed by the interlocutory order, then this weakens rather than strengthens the
argument for exhaustion of these claims, because the conclusory argument presented on the state post-conviction appeal
28    pertained to claims dismissed by the interlocutory order, not to other claims.

1    In federal Ground 3, petitioner alleges that he was denied due process of law in violation of the
2    Fifth and Fourteenth Amendments when a prior burglary conviction was presented to the grand jury.

3    In the claim presented on direct appeal, petitioner did not invoke any federal constitutional
4    provisions, and he cited no state or federal cases in the argument applying federal constitutional law to
5    overturn an indictment.  Indeed, the Supreme Court of Nevada noted in its decision on direct appeal that
6    petitioner "cite[d] no law" whatsoever supporting his contention that the state district court erred by not
7    quashing the indictment.  In the appellant's opening brief, petitioner asserted only that the state district
8    court "may have erred" in not quashing the indictment, without invoking federal constitutional
9    protections and/or citing applicable state or federal cases applying same.[3]

10   In federal Ground 4, petitioner alleges that he was denied due process and equal protection of
11   the laws in violation of the Fifth, Sixth, and Fourteenth Amendments due to his alleged "mental
12   incompetency" at the time of the alleged crimes, perhaps referring to an alleged lack of capacity at the
13   time of the offenses.  Petitioner alleges that he was not "competent" at the time of the burglaries and
14   related offenses because he suffered from, *inter alia*, asthma, sleep apnea, vertigo, depression, panic
15   anxiety disorder, and drug addiction.

16   In the claim presented on direct appeal, petitioner did not invoke any federal constitutional
17   provisions, and he cited no state or federal decisions whatsoever.  Both the State and the Supreme Court
18   of Nevada – given the reference to competency rather than capacity – construed the claim presented on
19   direct appeal as a challenge to petitioner's competency to stand trial.  The state supreme court did not
20   apply constitutional doctrine in rejecting the claim as so construed.  Any federal constitutional doctrine
21   *arguendo* applied necessarily would pertain to a claim challenging competency to stand trial, not a
22   challenge to capacity to commit the offenses.[4]

23   In Ground 5, petitioner alleges that he was denied due process and equal protection of the laws
24   in violation of the Fifth, Sixth and Fourteenth Amendments because insufficient evidence was presented
25   at trial due to a lack of corroboration of accomplice testimony required by N.R.S. 175.291.

26   _____

27   [3]See #22, Ex. 59, at 8-9; *id.*, Ex. 68, at 1-3.

28   [4]See #22, Ex. 59, at 9-10; *id.*, Ex. 68, at 3-5.

-8-

1    In the claim presented on direct appeal, petitioner discussed only the application of the

2  requirement in N.R.S. 175.291 that accomplice testimony be independently corroborated.  Petitioner

3  did not invoke any federal constitutional provisions, and he cited no state or federal decisions

4  whatsoever.  The  Supreme Court of Nevada analyzed the issue presented solely with respect to "the

5  statutory standard of independent evidence connecting the defendant to the crime," pursuant to  N.R.S.

6  175.291.  The  state supreme court did not directly or indirectly cite to or apply the federal due process

7  standard for sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61

8  L.Ed.2d 560 (1979).[5]

9    In Ground 6, petitioner alleges that he was denied due process and equal protection of the laws

10  in violation of the Fifth, Sixth, and Fourteenth Amendments when the state district court sentenced him

11  as a habitual criminal.

12    In the claim presented on direct appeal, petitioner contended that the state district court "abused

13  its discretion" in sentencing him as a habitual criminal.  Petitioner did cite to and discuss at a fair

14  amount of length federal constitutional authority holding that state sentencing procedural requirements

15  may give rise to a liberty interest protected by the due process clause.[6]  However, petitioner did not

16  argue that constitutional error occurred in *his* case.  He instead argued:

> It appears clear that the district court make [sic] a finding of
> habitual criminal status based upon all the evidence presented.  The three
> prior certifications of judgment of convictions appear to be
> constitutionally sound.  The district court listened to all the parties,
> considered aggravating and mitigating evidence, *and incorporated
> language consistent with due process protection*.  However, the district
> court abused its discretion when finding two counts satisfied the habitual
> criminal statute and ran those life sentences consecutively.  When
> considering Appellant's untreated mental health problems and the fact
> that the prior convictions were not violent, *the district court abused its
> discretion*.

23  #22, Ex. 59, at 17-18 (emphasis added).  The Supreme Court of Nevada, consistent with the argument

24  presented, analyzed the claim exclusively under state law.  See #22, Ex. 68, at 7-9.

25    / / / /

26  _____

27    [5]See #22, Ex. 59, at 11-12; *id.*, Ex. 68, at 5-7.

28    [6]#22, Ex. 59, at 16-17.

-9-

1    The federal constitutional claims presented in federal Grounds 3 through 6 were not fairly

2  presented to the Supreme Court of Nevada and exhausted.   Fair presentation requires that the petitioner

3  present the state courts with both the operative facts and the federal legal theory upon which the claim

4  is based.  *E.g., Castillo*, 399 F.3d at 999.  Here, none of the four grounds fairly presented the federal

5  legal theories now pursued on federal habeas review.

6    With regard to federal Ground 5, which challenges the sufficiency of the  corroboration of  the

7  accomplice testimony under N.R.S. 175.291, the Ninth Circuit has held that a state law requiring

8  corroboration of accomplice testimony does not implicate constitutional concerns.  *See,e.g., Laboa v.*

9  *Calderon*, 224 F.3d 972, 979 (9ᵗʰ Cir. 2001).   The mere assertion of the claim challenging the

10  sufficiency of corroboration of accomplice testimony in satisfaction of the state statutory requirement

11  therefore did not, in and of itself, present a federal due process challenge to the sufficiency of the

12  evidence under *Jackson v. Virginia.*

13    With regard to federal Ground 6, which challenges the habitual criminal adjudication, no

14  appellate court would have construed petitioner's state law argument on the claim as presenting a

15  federal constitutional claim.  While petitioner discussed due process protections, he expressly conceded

16  that the sentencing court's findings were "consistent with due process protection," and he instead argued

17  only that the court abused its discretion.[7]

18    Grounds 3 through 6 therefore are not exhausted.

19

20

21    [7]The state court claim further did not even discuss equal protection, which is also is alleged as a legal theory in
   federal Ground 6.

22    Petitioner relies upon a sentence fragment by respondents stating: "although the opening brief cited to federal
23  authority."  A sentence fragment of course is not a complete sentence, and the rest of the sentence goes on to state, as
   also is observed in the text, that the brief conceded that the district court complied with due process.  See #19, at 3, lines
24  19-20.  Respondents did not concede that Ground 6 – or any of the other grounds in question – were exhausted.

25    Petitioner further relies – with respect to the habitual criminal adjudication claim – upon a motion to recall the
   remittitur in pursuit of an untimely petition for rehearing.  This motion filed after the conclusion of the *post-conviction*
26  appeal does not lead to a different outcome on the exhaustion issue for at least two reasons.  First, neither the motion nor
   the proposed petition for rehearing articulated any federal claims.  Second, the state supreme court denied the motion
27  and denied permission to submit a late petition for rehearing.  See #25, Exhs. 149-150.  Even if, *arguendo*, the untimely
   petition for rehearing had presented a federal claim, presenting a claim in a procedural context where the merits will not
28  be considered or will be considered only in special circumstances does not fairly present a claim.  *Castille, supra.*

-10-

1    ***Ground 8***

2          In Ground 8, petitioner alleges that he was denied rights to effective assistance of counsel, due

3    process, equal protection of the laws, and a fair trial when trial counsel allowed him to be subjected to

4    an indictment that allegedly : (a)  contained alleged multiplicitous and  duplicitous charges, violating

5    his right to be free from double jeopardy; (b) was not supported by the trial evidence; and (c) lacked

6    specificity such that petitioner was left with no ability to defend the charges.

7          The Court is persuaded by respondents' contention that subparts (b) and (c) as described above

8    were not exhausted.  The only claim presented to and/or considered by the Supreme Court of Nevada

9    on the state post-conviction appeal pertained to trial counsel's alleged failure to challenge charges as

10   multiplicitious and duplicitious and thus violative of double jeopardy protections.[8]

11         The Court further *sua sponte* holds that the independent substantive claims based on an alleged

12   denial of rights to due process, equal protection, and a fair trial were not exhausted.  In the state post-

13   conviction appeal, petitioner presented a claim only of ineffective assistance of trial counsel to the

14   Supreme Court of Nevada in this regard.  He did not present any independent substantive claims based

15   upon an alleged denial of rights to due process, equal protection and a fair trial.[9]

16         Ground 8 therefore is exhausted only to the extent that petitioner alleges that he was denied

17   effective assistance of counsel when trial counsel allowed him to be subjected to an indictment that

18   allegedly contained multiplicitous and duplicitous charges, violating his right to be free from double

19   jeopardy.  Ground 8 is unexhausted to the extent that petitioner alleges that he was denied rights to due

20   process, equal protection of the laws, and a fair trial and also to the extent that petitioner alleges that

21   he was denied effective assistance of counsel when trial counsel allowed him to be subjected to an

22   indictment that allegedly was not supported by the trial evidence and lacked specificity.

23

24         [8]See #25, Ex. 137, at 7-8; *id.*, Ex. 147, at 4-5.

25         [9]See #25, Ex. 137, at 7-8.  Respondents contend that petitioner may not combine the independent substantive

26   claims with the claims of ineffective assistance of counsel within a single ground.  See #19, at 6.  That very well may be
     true at the very least under Local Rule LSR 3-1 and the instructions for the petition form required thereby.  However,

27   there would appear to be little utility in directing a *pro se* habeas petitioner to amend a 143-page petition to separate out
     independent substantive claims into separate grounds where not only the vast majority of the claims in the petition are

28   unexhausted but, further, the independent substantive claims themselves are not exhausted.

-11-

1    ***Ground 9***

2         In federal Ground 9, petitioner alleges that he was denied rights to effective assistance of

3    counsel, due process, equal protection and a fair trial when trial counsel failed to request jury

4    instructions for lesser included offenses.  As noted previously, petitioner was charged and convicted

5    of one count of conspiracy to commit crimes against property, eight counts of burglary, and one count

6    of unlawful possession, making, forgery, or counterfeiting of inventory pricing labels.  Petitioner urges

7    that these charges "are lesser-included offenses of each other, in particular, the Burglary charges are

8    lesser-included offenses of each other and the conspiracy charge."  He maintains that he "could not have

9    committed the elements of the Conspiracy Offense without committing the elements of the Burglary

10   offenses."[10]

11        Respondents note that petitioner referred to the state district court's rejection of the ineffective

12   assistance claim in state Ground 9 in the argument on state Ground 8 on the state post-conviction

13   appeal.  Respondents contend, however, that petitioner nonetheless did not provide any argument

14   specifically challenging the ruling and claiming that the offenses are lesser included offenses.

15        Respondents' argument is not without force.  Petitioner's state court briefing does refer to the

16   state district court's rejection of the ineffective assistance claim in state Ground 9 with little if anything

17   in the way of argument as to the issue of lesser included offenses.[11]  However, giving petitioner a

18   substantial benefit of the doubt, the Court will read the state court briefing as challenging the rejection

19   of the ineffective assistance claims in both state Grounds 8 and 9 on the same basis, that the charges

20   were merged into one.  The state court briefing on this point is far from a model of clarity.  However,

21   giving petitioner the benefit of the doubt, the Court will hold that the ineffective assistance claim in

22   Ground 9 is exhausted.

23        The Court is persuaded by petitioner's alternative argument that the ineffective assistance claim

24   in federal Ground 9 clearly is without merit.  Under 28 U.S.C. § 2254(b)(2), an unexhausted claim may

25   be dismissed on the merits notwithstanding a lack of exhaustion.  As construed by the Ninth Circuit,

26   _____

27        [10]#7, at 49-50.

28        [11]See #25, Ex. 137, at 7-8.

-12-

1   a district court can dismiss an unexhausted claim on the merits under § 2254(b)(2) "only when it is

2   perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406

3   F.3d 614, 623-24 (9th Cir. 2005).

4          It is perfectly clear that the ineffective assistance claim in federal Ground 9 does not raise even

5   a colorable federal claim.  The state supreme court held that the crimes of burglary and of unlawful

6   possession, making forging or counterfeiting of inventory pricing labels are distinct individual offenses

7   with different elements.[12]  This holding on Nevada state law by the state's highest court is the end of

8   the matter with regard to that subsidiary point, as the Supreme Court of Nevada is the final arbiter of

9   Nevada state law.  Petitioner's contention that he could not have committed the conspiracy without

10  committing the burglaries plainly is meritless on its face.  It is axiomatic that commission of a

11  conspiracy offense does not require full commission of the underlying offense that is the subject of the

12  conspiracy.  *See,e.g., Nunnery v. Eighth Judicial District Court*, 124 Nev. 477, 480, 186 P.3d 886, 888

13  (2008)(under Nevada law, conspiracy is committed under N.R.S. 199.480 upon reaching the unlawful

14  agreement, without the requirement even of an overt act).

15         The claim of ineffective assistance of counsel in Ground 9 therefore will be dismissed on the

16  merits under § 2254(b)(2) as not raising even a colorable federal claim.

17         The Court further *sua sponte* holds that the independent substantive claims in federal Ground

18  9 based on an alleged denial of rights to due process, equal protection, and a fair trial were not

19  exhausted.  In the state post-conviction appeal, petitioner presented a claim, at the very level best, only

20  of ineffective assistance of trial counsel to the Supreme Court of Nevada in this regard.  He did not

21  present any independent substantive claims based upon an alleged denial of rights to due process, equal

22  protection and a fair trial.[13]

23         / / / /

24         / / / /

25  _____

26         [12]#25, Ex. 147, at 4-5.

27         [13]See also note 9, *supra*.  As an alternative holding, the Court holds that the independent substantive claims in
    federal Ground 9 further do not raise even a colorable federal claim, for the reasons discussed in the text as to the claim

28  of ineffective assistance of counsel.

1   ***Ground 18***

2          In Ground 18, petitioner alleges that he was denied rights to effective assistance of counsel, due

3   process, equal protection, and a fair trial when trial and appellate counsel allowed him to be sentenced

4   as a habitual criminal.  Petitioner maintains: (a) that the Nevada legislature did not intend for non-

5   violent property crimes to be subject to habitual criminal sentencing under N.R.S. 207.010; and (b) that

6   a February 11, 2004, conviction did not constitute a prior offense under N.R.S. 207.010.

7          On the state post-conviction appeal, petitioner pursued a claim only that trial and appellate

8   counsel were ineffective because they failed to argue that the 2004 conviction was not a prior offense.[14]

9          With regard to Ground 18(a), petitioner thus did not exhaust a claim that trial and appellate

10  counsel were ineffective for failing to argue that the Nevada legislature did not intend for non-violent

11  property crimes to be subject to habitual criminal sentencing under N.R.S. 207.010.  No such claim was

12  presented to the Supreme Court of Nevada in the state post-conviction appeal.

13         With regard to Ground 18(b), the Court is not persuaded by respondents' argument that Ground

14  18(b) presents only an independent substantive ground rather than a claim of ineffective assistance of

15  counsel.  Fairly read, part (b) of Ground 18 specifies the substantive issue that trial and appellate

16  counsel allegedly were ineffective for failing to raise.  So read, the claim of ineffective assistance of trial

17  and appellate counsel in Ground 18(b) is exhausted.

18         That said, any and all independent substantive grounds asserted in Ground 18 – including the

19  claimed deprivation of rights to due process, equal protection, and a fair trial – are not exhausted.  Only

20  a claim of ineffective assistance of counsel was pursued on the state post-conviction appeal.  Further,

21  the challenge to the habitual criminal adjudication pursued on direct appeal maintained that the state

22  district court abused its discretion in adjudicating petitioner a habitual criminal.  The underlying

23  substantive arguments in neither Ground 18(a) nor Ground 18(b) were presented to the state supreme

24  court.[15]

25  _____

26       [14]#25, Ex. 137, at 3-7; *id.*, Ex. 147, at 2-4.

27       [15]See also note 9, *supra*.  The Court is not necessarily persuaded by respondents' initial suggestion that
    petitioner violated Rule 2(c) of the Rules Governing Section 2254 Cases when petitioner divided Ground 18 into two

28                                                                                      (continued...)

1    Ground 18 therefore is exhausted only to the extent that petitioner alleges in Ground 18(b) that

2    he was denied effective assistance of counsel because trial and appellate counsel did not argue that the

3    February 11, 2004, conviction did not constitute a prior offense under N.R.S. 207.010 for purposes of

4    habitual criminal enhancement.  Ground 18 is unexhausted to the extent that petitioner alleges: (a) that

5    he was denied effective assistance of counsel because trial and appellate counsel did not argue that the

6    Nevada legislature did not intend for non-violent property crimes to be subject to habitual criminal

7    sentencing under N.R.S. 207.010; and (b) that he was denied rights to due process equal protection, and

8    a fair trial.

9        ***Ground 23***

10       In Ground 23, petitioner alleges that he was denied rights to effective assistance of counsel, due

11   process, equal protection, and a fair trial when trial counsel failed to protect him from the erroneous

12   application of the habitual criminal statute.  In support of this ground, petitioner alleges a variety of

13   alleged errors in the habitual criminal adjudication, including alleged improper reliance on the February

14   11, 2004, conviction as a prior conviction, reliance upon a detective's testimony as to prior bad acts,

15   reliance upon the detective's testimony as to hearsay statements by petitioner's ex-wife without his

16   being able to confront or cross-examine her, reliance upon another detective's testimony as to hearsay

17   statements by petitioner's accomplice, consideration of evidence not admitted at trial and facts not

18   established beyond a reasonable doubt before the jury, and dissimilar treatment of petitioner in violation

19   of equal protection.

20       */ / / /*

21

---

22       [15](...continued)

23   subparts.  The Court is not sanguine that Rule 2(c) operates in such a hypertechnical matter.  Moreover, respondents
     have argued in past cases that the pleading rules *require* that a petitioner subdivide claims of ineffective assistance of

24   counsel.

25       As an alternative holding, the Court holds that all claims in Ground 18(a) do not raise even a colorable federal
     claim.  The underlying moving premise that N.R.S. 207.010 does not contemplate imposition of habitual criminal

26   sentencing based upon nonviolent crimes is fundamentally flawed.  *See, e.g., Arajakis v. State*, 108 Nev. 976, 983, 843
     P.2d 800, 805 (1992)("N.R.S. 207.010 makes no special allowance for non-violent crimes or for the remoteness of

27   convictions; instead, these are considerations within the discretion of the court.")  The frequent contention by *pro se*
     petitioners that the habitual criminal statute does not authorize habitual criminal sentencing when only nonviolent crimes

28   are involved is one that holds sway in the jailhouse, not the courthouse.

1    Respondents contend that Ground 23 is at least partially unexhausted.  The Court is persuaded

2    that the only exhausted claim in the ground is redundant of the claim in another partially exhausted

3    ground.  The entire ground therefore either is unexhausted or redundant.

4    Petitioner raised claims pertaining to the habitual criminal adjudication on direct appeal and in

5    the state post-conviction appeal.  As discussed, *supra*, regarding federal Ground 6, petitioner fairly

6    presented only a state law claim on direct appeal alleging that the state district court abused its

7    discretion in adjudicating petitioner a habitual criminal.  He exhausted no independent substantive

8    federal law claims on direct appeal with regard to the habitual criminal adjudication.  As further

9    discussed, *supra*, regarding federal Ground 18(b), on the state post-conviction appeal, petitioner fairly

10   presented only a claim that trial and appellate counsel were ineffective for failing to argue that the

11   February 11, 2004, conviction did not constitute a prior offense under N.R.S. 207.010.  None of the

12   remaining myriad specific claims of ineffective assistance of counsel and/or specific underlying

13   independent substantive error outlined in Ground 23 were fairly presented to the Supreme Court of

14   Nevada either on direct appeal or on the state post-conviction appeal.  Federal Ground 23 thus is

15   exhausted only to the extent that petitioner alleges that trial counsel was ineffective for failing to object

16   to the use of the February 11, 2004, conviction as a prior conviction.  However, the claim is wholly

17   redundant of the exhausted portion of Ground 18(b) to the limited extent that it is exhausted.

18   The Court will dismiss Ground 23 in part as redundant of Ground 18(b) to the extent that

19   Ground 23 alleges that trial counsel was ineffective for failing to object to the use of the February 11,

20   2004, conviction as a prior conviction.  Ground 23 in all other respects is unexhausted.

21   ### *Sua Sponte Consideration of Exhaustion of the Substantive Claims in Grounds 7 and 11*

22   In Ground 7, petitioner alleges that he was denied rights to effective assistance of counsel, due

23   process, equal protection, and a fair trial when trial counsel failed to protect him from an allegedly

24   excessive restitution order by the sentencing court.

25   In Ground 11, petitioner alleges, *inter alia*, that he was denied rights to effective assistance of

26   counsel, due process, equal protection, and a fair trial when trail counsel failed to protect him from the

27   admission of irrelevant, inconsistent, and/or perjured testimony at trial by petitioner's accomplice and

28   co-conspirator, Brett Bowman.

1    With regard to Ground 7, the only claim that was exhausted was a claim on the state post-

2    conviction appeal alleging that petitioner was denied effective assistance of counsel when trial counsel

3    failed to protect him from an allegedly excessive restitution order by the sentencing court.   No

4    independent substantive claims of trial court error – whether as violations of rights to due process, equal

5    protection and a fair trial or otherwise – were fairly presented to the state supreme court in this regard.[16]

6    With regard to Ground 11, the only claim that was exhausted was a claim on the state post-

7    conviction appeal alleging that petitioner was denied effective assistance of counsel when trial counsel

8    failed to impeach accomplice Bowman's allegedly inconsistent and/or perjured testimony with his prior

9    inconsistent statements.   No independent substantive claims of error were fairly presented to the state

10    supreme court in this regard.[17]

11    With regard to the independent substantive claims, as noted previously, respondents contend that

12    petitioner may not combine the independent substantive claims with the claims of ineffective assistance

13    of counsel within a single ground.  As discussed previously, that may well be true at the very least under

14    the instructions for the Court's required habeas petition form.  However, as also noted previously, there

15    would appear to be little utility in directing a *pro se* habeas petitioner to amend a 143-page petition to

16    separate out independent substantive claims into separate grounds where not only the vast majority of

17    the petition is unexhausted but, further, the independent substantive claims themselves are not

18    exhausted.  The Court accordingly takes up the lack of exhaustion *sua sponte* rather than taking up

19    pleading technicalities in the first instance.[18]

20    Ground 7 therefore is exhausted only to the extent that petitioner alleges that he was denied

21    effective assistance of counsel when trial counsel failed to protect him from an allegedly excessive

22    restitution order by the sentencing court.  All other claims therein are unexhausted.[19]

23

24    [16]See #25, Ex. 137, at 9-10; *id.*, Ex. 147, at 5-6.

25    [17]See #25, Ex. 137, at 10-11; *id.*, Ex. 143, at 9-12; *id.*, Ex. 147, at 6.

26    [18]See note 9, *supra*.

27
28    [19]It appears subject to substantial question whether the claim seeking a reduction in the restitution order is

(continued...)

-17-

1    Ground 11 therefore is exhausted only to the extent that petitioner alleges that he was denied

2    effective assistance of counsel when trial counsel failed to impeach accomplice Brett Bowman's

3    allegedly inconsistent and/or perjured testimony with his prior inconsistent statements.  All other claims

4    therein are unexhausted.

5         ***Petitioner's Generalized Exhaustion Arguments***

6         The Court is not persuaded by petitioner's remaining generalized, across-the-board arguments

7    seeking to establish that all or part of the foregoing claims nonetheless are exhausted and/or that the lack

8    of exhaustion of the claims should be disregarded.

9         Petitioner's various arguments challenging respondents' ability to pursue the defenses raised

10   herein by a motion to dismiss are without merit.  Moreover, the scheduling order (#17) in this matter

11   specifically provided for the assertion of defenses raised herein by way of a motion to dismiss.  The

12   presentation of defenses such as lack of exhaustion, failure to state a claim, and failure to raise a

13   colorable claim via such a motion is entirely proper.  Petitioner's arguments regarding the interaction

14   between the Federal Rules of Civil Procedure and habeas practice in this context are without merit.

15        Petitioner's argument that the motion to dismiss is based upon sealed documents that have not

16   been provided to him also is meritless.  Respondents filed three documents under seal – the presentence

17   report and two orders for payment of attorneys fees to state post-conviction counsel.  While these

18   documents possibly may have relevance to issues later in the case, a point which the Court does not

19   address at this juncture, the issues raised by the motion to dismiss do not turn on these documents.  The

20   content of petitioner's presentence report and of the two orders have nothing to do, in particular, with

21   the question of whether petitioner exhausted his claims in the state courts.  That issue turns upon the

22   content of his briefing in the state supreme court.  Petitioner's arguments regarding the sealed exhibits,

23   here and as discussed *infra* as to other issues, present nothing more than a red herring.

24

25        [19](...continued)

26   cognizable in federal habeas corpus.  *See Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010).  Further, there is no clearly
     established federal law vis-à-vis the adequacy of representation at a noncapital sentencing proceeding.  *Davis v. Grigas*,

27   443 F.3d 1155, 1158 (9th Cir.2006)(quoting prior authority); *Davis v. Belleque*, 2012 WL 76897 (9th Cir., Jan. 11,
     2012)(unpublished); *Vigil v. McDonald*, 2011 WL 5116915 (9th Cir., Oct. 28, 2011)(unpublished)(harmonizing circuit

28   authority).

-18-

1    Petitioner further contends that respondents' state court record exhibit No. 62, designated as a

2 "Notice of Election Not to File a Reply Brief," filed on the direct appeal, is incomplete.  Petitioner urges

3 that "this exhibit most certainly provide [sic] additional supporting legal memorandum[sic]."[20]  This

4 argument lacks any rationally conceivable merit.  A notice by appellate counsel that she was not filing

5 a reply brief – by definition – would not be accompanied by any briefing, much less briefing fairly

6 presenting claims not included in the appellant's opening brief on direct appeal.[21]

7    Petitioner's reliance upon the presentation of claims in his state post-conviction petition as

8 establishing exhaustion is misplaced.  To exhaust a claim, petitioner must fairly present the claim in the

9 state courts all the way through to the state's highest court, here the Supreme Court of Nevada.

10 *Peterson, supra; Vang, supra*.  A claim that is asserted in the state district court but that is not

11 specifically argued thereafter on the state post-conviction appeal is not exhausted.[22]

12    Petitioner further maintains that he could not present claims *pro se* on the represented direct

13 appeal and state post-conviction appeal.  However, even on a direct appeal in the underlying criminal

14 case, a represented defendant has no right to have *pro se* filings considered because a criminal defendant

15 has no constitutional right to both self-representation and the assistance of counsel in the same

16 proceeding.  *See,e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987); *United States v.*

17 *Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981).   Moreover, a criminal defendant has no right of

18 self-representation on direct appeal in the first instance.  *Martinez v. Court of Appeal of California*, 528

19 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).  And, even on direct appeal, a defendant does not

20 have a constitutional right to have appointed appellate counsel present every nonfrivolous issue

21 requested by the defendant.  *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

---

22

23    [20]#31, at 8-9.

24    [21]The Court further takes judicial notice of the content of the online docket record of the Supreme Court of

25 Nevada for No. 43203.  The copy in the record in this Court is in every respect identical to the copy available on the
state supreme court's online docket.  Both have a cover page as page 1, a body of the notice as page 2, and a certificate
of mailing as a page 4, with no page 3.  See http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=11054.  It

26 again is completely ludicrous to suggest that such a filing would include a missing phantom brief exhausting claims on
direct appeal that were not included in the appellant's opening brief.

27

28    [22]The automatic inclusion of the state petition in the record exhibit appendix as required by state appellate rules
did not fairly present any claim.  See text, *supra*, at 6.

-19-

1    Appellate counsel instead is expected to exercise independent professional judgement in selecting the

2    issues to pursue on appeal.  *Id.*

3         Petitioner has not identified any *pro se* submissions that he sought to present to the state

4    supreme court on either the represented direct appeal or state post-conviction appeal.  However, even

5    if petitioner had made such submissions that were not accepted for filing, the submissions would not

6    have exhausted any claim.  Again, presenting a claim in a procedural context in which the merits of the

7    claim will not be considered, or will be considered only in special circumstances, does not constitute

8    fair presentation of the claim. *See,e.g., Castille, supra*.  Merely because a defendant or petitioner would

9    not have been able to present claims *pro se* on represented state court appeals does not give a federal

10   habeas petitioner *carte blanche* thereafter to raise claims that never were fairly presented to the state

11   supreme court.  It would be a strange exhaustion rule indeed that would allow the state courts to be

12   automatically bypassed in this fashion for what then would be a *de novo* review in federal court of

13   claims that two attorneys did not deem worthy of specific argument on direct appeal or a state post-

14   conviction appeal.  Any alleged deficiencies in the state appellate representation are more appropriately

15   addressed under procedural default doctrine, not by circumventing exhaustion rules in the first instance.

16        In this same vein, petitioner urges that any failure to exhaust on state post-conviction review was

17   due to counsel's alleged failure to comply with state procedural requirements.  The issue at present,

18   however, is whether the claims were exhausted.  They were not.  The mere fact that counsel did not

19   pursue a claim in the state courts does not necessarily establish deficient representation as opposed to

20   an independent professional judgment as to the most potentially viable claims to argue on an appeal.

21   If petitioner believes that he can establish cause and prejudice for his failure to present the claims

22   previously to the state supreme court based on alleged failures by his appellate counsel, he must make

23   that argument in the first instance to the state courts, as discussed below.

24        In this regard, the Court is not persuaded by petitioner's argument on the showing made that the

25   claims should be deemed exhausted on the basis that they would be found to be procedurally barred by

26   the state courts.  The standards for excusing a procedural default are substantially the same in Nevada

27   state court as they are in federal court.  Accordingly, this Court does not hold claims to be exhausted

28   on this basis in the absence of an unequivocal stipulation by a petitioner that the unexhausted claims

-20-

1   in fact would be denied on state procedural grounds if he returned to state court to present the claims.

2   Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural

3   default rules under Nevada state post-conviction procedure, must include concessions: (1) that petitioner

4   cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and

5   prejudice in the state courts to overcome the state procedural bars;[23] (2) that petitioner cannot avoid

6   dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the

7   alleged constitutional violation probably has resulted in the conviction of one who is actually innocent

8   and cannot thereby overcome these procedural bars;[24] and (3) that the procedural bars otherwise are now

9   consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a

10  discretionary matter, would consider the claims despite the procedural default and despite a failure to

11  demonstrate either cause and prejudice or actual innocence.

12          In the absence of such concessions, the Court will not hold that there is no possibility that the

13  unexhausted claims would be considered by the state courts on the merits.  In the presence of such

14  concessions, the Court will dismiss the claims instead with prejudice on the basis of procedural default.

15  Given the substantial similarity of the Nevada and federal standards, there simply is no reason for not

16  according the state courts the first opportunity to address a petitioner's efforts to overcome a state

17  procedural bar.

18          The Court accordingly is not persuaded, on the showing made, that there is an absence of

19  corrective process in the state courts and/or that exhaustion would be futile on the premise that the

20  unexhausted claims necessarily would be deemed procedurally barred.

21          Nor is the Court persuaded that exhaustion otherwise would be futile because the state supreme

22  court allegedly has rejected similar claims previously.  *See,e.g., Engle v. Isaac*, 456 U.S. 107, 130, 102

23

24      [23] *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or
    successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th
25  Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are
    nearly identical).

26
27      [24] *See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome
    the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a
    constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing  Murray v.*
28  *Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

1   S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982)("If a defendant perceives a constitutional claim and believes

2   it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they

3   will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional

4   argument may decide, upon reflection, that the contention is valid.").

5          The Court accordingly rejects all of petitioner's generalized arguments seeking to overcome the

6   lack of exhaustion of the foregoing claims.  To exhaust his claims, petitioner must fairly present them

7   to the state courts through to the Supreme Court of Nevada, along with any arguments that he may have

8   to overcome any procedural defenses raised in those courts.

9          ***Remaining Issues on the Motion to Dismiss***

10          The Court's exhaustion holdings eliminate any need to reach the remaining issues raised by

11   respondents in the motion to dismiss except as to one issue.

12          Respondents contend that Ground 18(b) is moot.  In the exhausted portion of Ground 18(b),

13   petitioner alleges that he was denied effective assistance of counsel because trial and appellate counsel

14   failed to argue that the February 11, 2004, conviction did not constitute a prior offense under N.R.S.

15   207.010 for purposes of habitual criminal enhancement.  Respondents urge that these claims are moot

16   because the Supreme Court of Nevada held on the state post-conviction appeal that the error in

17   considering the 2004 conviction was harmless because the State presented a sufficient number of other

18   prior convictions.  The Court is not persuaded that the state supreme court's holding renders Ground

19   18(b) moot.  A state court's holding that an error was harmless does not render a claim moot.   Rather,

20   the issue remains for the merits of whether the state court's rejection of the claims of ineffective

21   assistance of counsel was contrary to or an unreasonable application of clearly established federal law.

22          On another issue, petitioner requests in the alternative in his opposition that he be granted a stay

23   to return to state court to exhaust any unexhausted claims.  To seek a stay, a party must file a separate

24   motion.  Parties may not present such requests for other relief within a brief.  This order provides

25   petitioner a time period within which to file a motion for dismissal of the entire petition, for dismissal

26   of only the unexhausted claims and/or for other appropriate relief.  If petitioner wishes to move for a

27   stay, that is the juncture in the proceedings to request same.

28          / / / /

1    Petitioner should note in this regard that the requirements for a stay under *Rhines v. Weber*, 544

2    U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), operate independently of one another.  That is, a

3    petitioner must show, for example, good cause for the failure to exhaust the claims as a separate and

4    independent requirement from the requirement that he must show that the unexhausted claims include

5    at least one claim that is not plainly meritless.  Petitioner contends in his opposition that "this Court

6    should find good cause, as Ground 23 is not meritless, and Volpicelli has shown some extreme or

7    unusual event beyond his control."[25]  The question of whether a claim is not plainly meritless is a

8    separate and distinct question from whether the petitioner had good cause for the failure to exhaust the

9    claim.  Showing that a claim is not plainly meritless does not establish good cause.

10   **Remaining Matters**

11    Petitioner's motion for leave to file a traverse, *i.e.*, a surreply, to respondents reply or in the

12   alternative renewed motion for appointment of counsel will be denied.

13    As discussed *supra* at 18, the sealed exhibits – primarily petitioner's presentence report – have

14   nothing to do with the issues decided on the motion to dismiss.  The filing of the sealed exhibits thus

15   provides a basis neither for the filing of an additional memorandum or for the appointment of counsel.

16    As also discussed *supra* at 19, petitioner's suggestion that Exhibit 62 – a notice of intent to *not*

17   file a reply brief on direct appeal – is incomplete and might show exhaustion of otherwise unexhausted

18   claims is simply ludicrous.  The Court is not going to grant leave to file a surreply, appoint counsel,

19   order expansion of the record, and/or order discovery to pursue petitioner's utterly frivolous argument

20   in this regard.  The copy of Exhibit 62 in the record in this matter is identical to the copy on the online

21   docket record of the state supreme court, and – in all events – any suggestion that the document would

22   demonstrate exhaustion of claims, again, is wholly without merit.

23    Petitioner's contention that respondents have presented new argument in their reply is without

24   merit.  All of the argument presented in the reply was in response to argument by petitioner.

25    The renewed request for appointment of counsel is denied, for the reasons previously assigned

26   in #11.  Petitioner is an experienced frequent litigator in this Court, and he has demonstrated an

27

28    [25]#31, at 21.

-23-

1   adequate ability to articulate his claims, both in this and other matters.  To the extent that petitioner

2   expresses concern about the alleged complexity of the case – on a 143-page petition that he filed in

3   proper person – it would appear that the case potentially is about to become markedly less complicated.

4   Petitioner in any event has demonstrated the ability to articulate both a multitude of claims and

5   voluminous argument in support of same.  While almost any *pro se* litigant would be better served with

6   the assistance of counsel, that is not the standard for appointment of counsel.

7        Respondents' motion to substitute a successor officer for the prior warden will be granted.

8        Respondents – in the briefing – seek clarification of the order (#29) granting their motion (#26)

9   to file exhibits under seal and *in camera*.[26]  Respondents filed a motion that the Court granted without

10  qualification.  To the extent that the motion sought, and obtained, an order directing the filing of the

11  exhibits not only under seal but also *in camera*, respondents state a willingness to provide petitioner a

12  copy of the sealed exhibits other than the presentence report at this time.  Respondents further state a

13  willingness to provide petitioner an opportunity to review the presentence report if it becomes at issue,

14  pursuant to the procedure in NDOC AR 568.  The Court has no objection to petitioner being copied

15  with the other exhibits, and it has no objection to petitioner being allowed to review his presentence

16  report in a manner consistent with required institutional procedures.  The Court indeed has no objection

17  to respondents doing both without waiting for the presentence report to become at issue, if it ever will,

18  to, hopefully, eliminate any further discussion in this regard.

19        IT THEREFORE IS ORDERED that respondents' motion (#19) to dismiss is GRANTED IN

20  PART, such that:

21        **(1)**   Ground 9 is DISMISSED IN PART on the merits under § 2254(b)(2) as not

22               raising even a colorable federal claim to the extent that petitioner claims

23               ineffective assistance of counsel in Ground 9;

24        **(2)**   Ground 23 is DISMISSED IN PART as redundant of Ground 18(b) to the extent

25               that Ground 23 alleges that trial counsel was ineffective for failing to object to

26               the use of the February 11, 2004, conviction as a prior conviction; and

27

28        [26]#33, at 2-3.

-24-

**(3)**   the Court holds that the following grounds and/or claims (hereafter, the "unexhausted claims") are not exhausted:

(a)   Grounds 1 through 6, 10, 12 through 17, and 19 through 22;

(b)   all claims in Ground 7 **other than** the claim that petitioner was denied effective assistance of counsel when trial counsel failed to protect him from an allegedly excessive restitution order by the sentencing court;

(c)   all claims in Ground 8 **other than** the claim that petitioner was denied effective assistance of counsel when trial counsel allowed him to be subjected to an indictment that allegedly contained multiplicitous and duplicitous charges, violating his right to be free from double jeopardy;

(d)   any and all claims remaining in Ground 9 following upon the Court's dismissal of the claim of ineffective assistance of counsel in Ground 9;

(e)   all claims in Ground 11 **other than** the claim that petitioner was denied effective assistance of counsel when trial counsel failed to impeach accomplice Brett Bowman's allegedly inconsistent and/or perjured testimony with his prior inconsistent statements;

(f)   all claims in Ground 18 **other than** the claim in Ground 18(b) that petitioner was denied effective assistance of counsel when trial and appellate counsel did not argue that the February 11, 2004, conviction did not constitute a prior offense under N.R.S. 207.010 for purposes of habitual criminal enhancement; and

(g)   any and all claims remaining in Ground 23 following upon the Court's dismissal of Ground 23 in part as redundant of a claim in Ground 18(b).

/ / / /

1    IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order

2  within which to mail to the Clerk for filing a motion for dismissal without prejudice of the entire

3  petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief.  The

4  entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion is not

5  timely filed.  Further, if petitioner seeks dismissal only of the unexhausted claims, he shall specify the

6  claims as to which dismissal is sought, using the same language as is used in subparagraphs 3(a)

7  through (g) in the above paragraph.  Any failure to unambiguously so identify the specific claims to be

8  dismissed on a motion for partial dismissal may result instead in the entire petition being dismissed, for

9  lack of a clear election of requested remedies by petitioner.

10    IT FURTHER IS ORDERED that the standard opposition (14 days from service of the motion)

11  and reply (7 days from service of the opposition) times under Local Rule LR 7-2 shall apply to any

12  motion filed.

13    IT FURTHER IS ORDERED that petitioner's motion (#34) for leave to file a traverse to the

14  reply or in the alternative renewed motion for counsel is DENIED.

15    IT FURTHER IS ORDERED that respondents' motion (#36) to substitute party is GRANTED,

16  and Robert LeGrand shall be substituted for Jack Palmer as a respondent.

17    IT FURTHER IS ORDERED that, notwithstanding any prior order, respondents may provide

18  petitioner copies of Sealed Exhibits 2 and 3 in #27 and, in their discretion, may enable petitioner to

19  review Sealed Exhibit 1 in #27 in a manner consistent with the applicable administrative regulations and

20  institutional procedures.

21    DATED this 16th day of May, 2012.

22

23

24                                                                      _____
                                                                        LARRY R. HICKS

25                                                                      UNITED STATES DISTRICT JUDGE

26

27

28