# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERRILL J. VOLPICELLI,

   *Petitioner*,

vs.

JACK PALMER,

   *Respondent*.

3:10-cv-00005-LRH-VPC

ORDER

This habeas matter comes before the Court on petitioner's motion (#39) for a stay of the federal proceedings to return to state court to exhaust claims that his counsel did not pursue.

### *Background*

Petitioner Ferrill Joseph Volpicelli challenges his Nevada judgment of conviction, pursuant to a jury verdict, of one count of conspiracy to commit crimes against property, eight counts of burglary, and one count of unlawful possession, making, forgery, or counterfeiting of inventory pricing labels. He was adjudicated a habitual criminal, and he is serving two consecutive sentences of life with the possibility of parole after ten years on each sentence, with his remaining sentences running concurrently with the first ten-to-life sentence.

On November 10, 2003, two days before the November 12, 2003, trial, the state district court held a hearing regarding a "conflict of interest" arising because Volpicelli disagreed with trial counsel as to the conduct of the defense of the case. Volpicelli did not wish to represent himself, but he wanted new counsel, which the trial court was not inclined to appoint at that late juncture. #20, Ex. 28.

During the State's case-in-chief, another hearing was held outside the presence of the jury. Volpicelli wanted to conduct additional cross-examination of the State's witnesses over and above that

conducted by defense counsel. The state trial court denied the request, telling petitioner, *inter alia*, that only defense counsel would be allowed to examine witnesses.[1]

After petitioner's conviction and sentencing and entry of the judgment of conviction, defense counsel withdrew as counsel.[2]

Volpicelli filed a proper person notice of appeal, and he moved for appointment of counsel to represent him on the appeal. Volpicelli's request to have appointed counsel represent him on the appeal ultimately was granted.[3]

Nearly three months after the direct appeal briefing had been concluded through counsel, Volpicelli filed a proper person motion in the state supreme court for leave to file a proper person brief. Petitioner did not attach a brief or otherwise set forth claims in the motion, other than a conclusory listing of eight potential claims, including, *inter alia*, unspecified claims of ineffective assistance of trial counsel. He instead outlined extensively his dissatisfaction with appellate counsel's failure to consult with him on the appeal issues. He focused, repeatedly, on counsel's failure to pursue claims of ineffective assistance of trial counsel on the direct appeal. The state supreme court denied the motion.[4]

Following the affirmance of the conviction on direct appeal, Volpicelli filed a 22-ground, 98-page long state post-conviction petition in proper person. He later added a twenty-third ground[5]

Volpicelli requested the appointment of counsel, both in the petition and by separate motion. The state district court ultimately appointed counsel.[6]

The state district court ordered an evidentiary hearing on four grounds, expressly rejected the majority of the remaining grounds on the pleadings, and dismissed all grounds other than the four evidentiary hearing grounds. #23, Ex. 100.

---

[1] #21, Ex. 29E, at 235-37.

[2] #21, Ex. 40.

[3] #21, Exhs. 41-42; #22, Ex. 53.

[4] #22, Exhs. 65-66.

[5] #22, Ex. 75; #23, Ex.86.

[6] #22, Ex. 75B, at typewritten page 98; #23, Ex. 88.

The state district court thereafter rejected the four evidentiary hearing claims after holding the hearing. Volpicelli filed a timely proper person notice of appeal.[7]

The post-conviction counsel that represented petitioner in the state district court was appointed to represent him on the state post-conviction appeal.[8]

As discussed in the order (#38) on the exhaustion issues, state post-conviction counsel presented specific argument on only a select group of issues on the state post-conviction appeal.

Volpicelli made no effort during the state post-conviction appeal to present grounds in proper person to the Supreme Court of Nevada over and above those presented by his counsel. He was personally engaged in the state post-conviction appeal process, however. His counsel successfully moved to file an amended reply brief to correct errors that Volpicelli personally brought to her attention. The amended reply brief filed at Volpicelli's request, however, did not seek to expand the grounds presented beyond the grounds pursued in the original brief. Counsel further later filed a motion to recall the remittitur and file an untimely rehearing petition at Volpicelli's request, which motion the state supreme court denied. As noted in the prior order (#38), however, the proffered rehearing petition did not present any federal constitutional claims but instead argued the application of state law to the prior convictions presented in support of an habitual criminal adjudication.[9]

After the conclusion of the state post-conviction appeal, Volpicelli did not file a second state petition seeking to pursue the claims that had not been pursued previously by counsel on the direct appeal and state post-conviction appeal, together with an attempted showing of cause and prejudice.

Petitioner instead filed a federal petition including the extensive number of claims canvassed in the Court's prior order (#38) that never had been fairly presented to the Supreme Court of Nevada either on direct appeal or on the state post-conviction appeal.

////
////

---

[7] #24, Exhs. 120-121.

[8] *Id.*, Exhs. 125-126.

[9] See #25, Exhs. 141-143 & 149-150; #38, at 10 n.7.

*Discussion*

Petitioner seeks a stay expressly under *Rhines v. Weber*, 544 U.S. 269 (2005). In order to obtain a stay under *Rhines*, a petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278.

The precise contours of what constitutes "good cause" in this context remain to be fully developed in the jurisprudence.

On the one hand, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).[10]

On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

In the present case, petitoner in truth presents nothing more substantial than the "I thought my counsel had exhausted the claims" argument that the Ninth Circuit held was inadequate in *Wooten*. His arguments either are plainly meritless and/or gloss over what actually happened in the state courts.

---

[10] Respondents acknowledge the holding in *Jackson* that extraordinary circumstances are not required but seek to preserve the point for possible later *en banc* or *certiorari* review. The Supreme Court and federal appellate courts may well remain reluctant to extend to this context standards from equitable tolling or procedural default case law that are designed to determine whether a petition or claim should be dismissed with prejudice, *i.e.*, with conclusive finality, and which on occasion may require an evidentiary hearing. Arguably, such heightened standards – directed to the question of whether, in the final analysis, a claim is conclusively procedurally barred – are inappropriate for the preliminary procedural question of whether a stay should be entered while petitioner fully exhausts claims in a mixed petition. It generally is more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive state procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011)(noting the appropriateness, in the circumstances presented, of a stay as it provided the state court with the first opportunity to resolve the claim). The Court is not sanguine that standards that potentially could require an evidentiary hearing should be adopted to resolve the preliminary procedural issue presented by a request for a stay.

To the extent that petitioner urges that the state courts "declined to consider" the merits of the unexhausted claims, "failed to reach" the unexhausted claims, and/or "limited review" to only the exhausted claims, his argument is plainly meritless. As outlined extensively in the prior order (#38), petitioner did not fairly present the unexhausted claims to the state courts for adjudication on the merits. To the further extent that the state district court did not expressly address a claim or claims on the merits, the onus was on petitioner to raise that matter in the Supreme Court of Nevada, which he did not do. This Court has held, in extensive assigned reasons, that petitioner failed to fairly present the unexhausted claims to the state courts *through to the Supreme Court of Nevada*. The Court clearly is not going to base a finding of good cause on the premise that the claims were fairly presented through to the Supreme Court of Nevada but the state courts nonetheless "declined to consider" fairly-presented clams. That is not what happened in the state courts. At this juncture, petitioner must show good cause for *his failure to exhaust the claims*, not merely rehash his rejected position that the claims were fairly presented to the state courts. Petitioner's argument begs the question at issue and ignores his burden of proof on a motion for a stay under *Rhines*.

Petitioner further urges that he was prevented from exhausting the unexhausted claims because the Supreme Court of Nevada would not consider proper person filings.

This case is not one where: (a) the petitioner presented seasonable motions on both the direct appeal and the state post-conviction appeal to present then-completed *pro se* briefs as well as possibly a motion to withdraw counsel to pursue the appeals instead in proper person; (b) the state supreme court denied such motions on both direct appeal and the state post-conviction appeal; and (c) the petitioner then filed another state petition seeking to pursue the proper person claims while filing a protective federal petition and requesting a stay. In such circumstances, the Court has been amenable to entry of a stay while the petitioner seeks to establish cause and prejudice in the state courts in order to pursue the claims in the second state petition. In such circumstances, the petitioner will not have exhausted the claims prior to final disposition of the second state petition, but he will have demonstrated good cause for the failure to present the proper person claims previously for purposes of a *Rhines* stay.

This case is not such a case, however. Petitioner filed one motion, only on direct appeal, nearly three months after the conclusion of the appellate briefing. In that motion, he provided only a

conclusory list of omitted claims, and he in the main took appellate counsel to task for failing to pursue claims of ineffective assistance of trial counsel on the direct appeal. Not unsurprisingly, the Supreme Court of Nevada denied this dilatory, conclusory, and at best misguided proper person motion. Under established Nevada state practice, claims of ineffective assistance of trial counsel generally are considered on state post-conviction review, not on direct appeal. The chances were virtually nil that the Supreme Court of Nevada, or any other appellate court facing a similar motion, would grant a dilatory motion seeking permission to file an as-yet unprepared proper person brief to pursue only conclusorily-listed claims, including, in particular, claims of ineffective assistance of trial counsel not appropriate to a direct criminal appeal. The chances were virtually nil that the Supreme Court of Nevada would grant the motion because it was without merit on its face.

Thereafter, Volpicelli made no effort to present additional claims to the Supreme Court of Nevada on the state post-conviction appeal, despite being actively engaged in the appellate proceedings. He directed his counsel to file an amended reply brief, but he made no effort to expand the claims presented by counsel's briefing. Thereafter, he directed counsel to file a petition for rehearing. However, the petition for rehearing -- which followed upon a holding that petitioner had failed to present argument on the appeal sufficient to raise the unexhausted claims – did not seek to pursue the claims that the Supreme Court of Nevada had held were not properly raised. The petition for rehearing instead argued only the sufficiency under state law of convictions relied upon for the habitual criminal adjudication.

Petitioner thus went through the entirety of the state post-conviction appeal proceedings without making any effort whatsoever to present claims in proper person that his counsel had not raised. The law requires that litigants actually pursue the relief that they want, not merely meekly posit later that they did not seek such relief because it allegedly would have been denied. Nevada state practice rules indisputably provide a procedure for a represented litigant to request to present proper person filings, but Volpicelli clearly did not invoke the procedure, of which he was aware, on the state post-conviction appeal. Petitioner may not successfully claim that he has good cause for his failure to exhaust the claims that were not exhausted on the state post-conviction appeal because the state supreme court would not consider proper person claims, as he made no request that it do so on the appeal.

Thus, in the final analysis, the Court is presented with a garden-variety situation where counsel did not effectively pursue claims that the petitioner thought had merit on an appeal. Volpicelli in truth has presented no more of a case for good cause than did the petitioner in *Wooten*, who "thought" that his counsel had exhausted the claims. If this Court were to grant a stay simply because counsel did not pursue claims and the petitioner would have had to obtain, unsought, leave to pursue the claims in proper person, then stays indeed would become routine, contrary to *Rhines*.

Petitioner thus has failed to carry his burden of establishing good cause for the failure to exhaust the unexhausted claims. The motion for a stay accordingly will be denied on the showing made.[11]

IT THEREFORE IS ORDERED that petitioner's motion (#39) for a stay is DENIED.

IT FURTHER IS ORDERED that this action will be dismissed without prejudice for lack of complete exhaustion unless, within thirty (30) days of entry of this order, petitioner mails to the Clerk for filing a motion that clearly and unequivocally seeks the dismissal of the unexhausted claims as specifically identified in the prior order (#38, at 25).[12]

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[11] The Court notes that state post-conviction counsel pursued all of petitioner's claims, including his claims of ineffective assistance of trial counsel, in the initial-review collateral proceedings. See #23, Ex. 91. The state district court thereafter limited the evidentiary hearing to only four of petitioner's claims. Similar to *Coleman v. Thompson*, 501 U.S. 722 (1991), which remains good law in the context presented in that case, the lack of exhaustion instead occurred on the *appeal* from the initial-review collateral proceeding.

[12] Under established Supreme Court and Ninth Circuit precedent, the Court is required neither to provide petitioner advisements regarding his various stay options nor to *sua sponte* consider stay options that he has not expressly sought. *Pliler v. Ford*, 542 U.S. 225 (2004); *Robbins v. Carey*, 481 F.3d 1143, 1148-49 (9th Cir. 2007). Particularly given the contrasting potentially favorable – and potentially adverse – consequences of the different stay options, it in particular would not be appropriate for the Court to *sua sponte* consider a stay option not expressly sought by the petitioner. The Court accordingly provided in its prior order (#38), pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), that the case would be dismissed without further advance notice unless the petitioner filed a motion to dismiss the entire petition without prejudice, to dismiss the unexhausted claims and/or for other appropriate relief.

Regarding respondents' query in their reply as to Ground 18(a), #40, at 7 n.1, the Court stated an alternative holding on the merits in the prior order. #38, at 14-15 n.1. Petitioner must dismiss all unexhausted claims, including Ground 18(a). Should the exhaustion holding be reversed on appeal, the alternative holding would come into play.