# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br>    *Petitioner*,<br>vs.<br>JACK PALMER,<br>    *Respondent*. | 3:10-cv-00005-LRH-VPC<br><br>ORDER |

This habeas matter comes before the Court on a filing by petitioner styled as a "notice of dismissal of alleged unexhausted grounds." The submission in truth seeks an interlocutory appeal and stay of the case pursuant to 28 U.S.C. § 1292(b) rather than and prior to any dismissal of any claims.

*Background*

Petitioner Ferrill Joseph Volpicelli challenges his Nevada judgment of conviction, pursuant to a jury verdict, of one count of conspiracy to commit crimes against property, eight counts of burglary, and one count of unlawful possession, making, forgery, or counterfeiting of inventory pricing labels. He was adjudicated a habitual criminal, and he is serving two consecutive sentences of life with the possibility of parole after ten years on each sentence, with his remaining sentences running concurrently with the first ten-to-life sentence.

In an order (#38) entered on May 17, 2012, the Court granted the respondents' motion to dismiss, holding that multiple claims in the petition were not exhausted. The Court stated therein:

> IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order within which to mail to the Clerk for filing a *motion* for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a *motion* is not timely filed. Further, if petitioner seeks dismissal only of the unexhausted claims, *he shall specify the claims as to which dismissal is sought, using the same language as is used in subparagraphs 3(a) through (g) in the above paragraph. Any failure to unambiguously so identify the specific claims to be dismissed on a motion for partial dismissal may result instead in the entire petition being dismissed, for lack of a clear election of requested remedies by petitioner.*

#38, at 26 (bold emphasis in original)(italic emphasis added).[1]

Petitioner thereafter moved to stay the matter under *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust the claims. The Court denied the motion because petitioner did not establish good cause for the failure to exhaust the claims previously. The Court then stated:

> IT FURTHER IS ORDERED that this action will be dismissed without prejudice for lack of complete exhaustion unless, within thirty (30) days of entry of this order, petitioner mails to the Clerk for filing a *motion* that *clearly and unequivocally seeks the dismissal of the unexhausted claims as specifically identified in the prior order* (#38, at 25).

#42, at 7 (footnote omitted)(italic emphasis added).

Petitioner did not file a motion to dismiss as directed. He instead filed the present "notice of dismissal," which does not seek the unqualified dismissal of the unexhausted claims.

Nor did the filing clearly and unequivocally seek the dismissal of the unexhausted claims as specifically identified in the prior order.

Petitioner instead now seeks – albeit not by motion – a stay and a certification of the Court's denial of a *Rhines* stay for an interlocutory appeal under 28 U.S.C. § 1292(b).

### *Discussion*

At the very outset, petitioner may not seek relief – such as a request for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) – by filing a notice. He instead must file a motion

---

[1] As noted in a subsequent order, under established Supreme Court and Ninth Circuit precedent, the Court is not required to provide specific advisements detailing various stay options, over and above providing an opportunity to seek appropriate relief other than a full or partial dismissal. See #42, at 7 n.12.

complying with the requirements of Rule 7 of the Federal Rules of Civil Procedure.

In all events, the Court is not inclined to amend the order denying a stay to certify the order for an interlocutory appeal under § 1292(b).

A district court – in its discretion – may certify an order for an interlocutory appeal under § 1292(b) if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The Court is not persuaded that either criterion is satisfied in this case.

The fact that the precise contours of "good cause" under *Rhines* remain to be fully developed does not signify that the prior order denying a stay "involves a controlling question of law as to which there is substantial ground for difference of opinion." The Court held that petitioner had presented no more of a case for good cause than had the petitioner in the Ninth Circuit's prior decision in *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). There thus is no controlling issue presented as to which there is a substantial ground for difference of opinion. Petitioner, just like the petitioner in *Wooten*, does not present a viable basis for a finding of good cause. Neither this Court nor the Ninth Circuit need further develop the precise contours of what constitutes good cause because petitioner plainly has not demonstrated good cause in this case.

Further, an immediate appeal so that petitioner could pursue his baseless good-cause argument would retard rather than materially advance the ultimate termination of the litigation. This matter needs to proceed forward as expeditiously as possible to its ultimate resolution. A piecemeal appeal at this juncture would not promote the efficient resolution of this matter.

The Court will give petitioner one – and one only – additional opportunity to comply with the Court's prior order (#42). The May 17, 2012, order (#38) directed petitioner to file a motion to dismiss the entire petition, to dismiss only the unexhausted claims, or for other appropriate relief. Petitioner exercised his option to file a motion for other appropriate relief when he filed his motion for a stay. In contrast, after the denial of the stay motion, under the July 30, 2012, order (#42), petitioner's only remaining option is to file a motion for partial dismissal of the unexhausted claims.

///

1  The Court will give petitioner one more opportunity to file: (a) a motion that (b) clearly,
2  unambiguously and without qualification seeks the dismissal of the unexhausted claims, expressly
3  identifying the claims to be dismissed using the same language in subparagraphs 3(a) through (g) on
4  page 25 of the Court's order (#38) entered on May 17, 2012.

5  If petitioner files anything other than a motion satisfying the requirements of the preceding
6  paragraph, the entire petition will be dismissed without further advance notice.

7  If petitioner files a notice rather than a motion, the entire petition will be dismissed without
8  further advance notice.

9  If petitioner seeks any relief other than dismissal of the unexhausted claims, the entire petition
10 will be dismissed without further advance notice.

11 If petitioner fails to clearly, unambiguously and without qualification seek the dismissal of the
12 unexhausted claims, expressly identifying the claims to be dismissed using the same language in
13 subparagraphs 3(a) through (g) on page 25 of the Court's order (#38) entered on May 17, 2012, the
14 entire petition will be dismissed without further advance notice.

15 Again, the matter will be dismissed without further advance notice if petitioner files anything
16 other than (a) a motion that (b) clearly, unambiguously and without qualification seeks the dismissal
17 of the unexhausted claims, expressly identifying the claims to be dismissed using the same language
18 in subparagraphs 3(a) through (g) on page 25 of the Court's order (#38) entered on May 17, 2012.

19 This is the final notice that petitioner will receive prior to a dismissal of the entire petition.

20 IT THEREFORE IS ORDERED that petitioner's request for certification for an interlocutory
21 appeal under 28 U.S.C. § 1292(b) is DENIED.

22 IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order
23 within which to mail for filing a motion for dismissal that clearly and unequivocally seeks the dismissal
24 of the unexhausted claims using the same language in subparagraphs 3(a) through (g) on page 25 of the
25 Court's order (#38) entered on May 17, 2012.

26 ///
27 ///
28 ///

If petitioner does not timely do so, the entire petition will be dismissed without further advance notice. **No extension of time will be granted.**

DATED this 9th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE