UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FERRILL JOSEPH VOLPICELLI, | Case No. 3:10-cv-00005-RCJ-VPC |
| Petitioner, | ORDER |
| v. | |
| JACK PALMER, *et al.*, | |
| Respondents. | |

On April 30, 2015, this court entered a final order and judgment denying Ferrill Joseph Volpicelli's petition for writ of habeas corpus on the merits (ECF No. 58). On appeal, the United States Court of Appeals for the Ninth Circuit denied Volpicelli's request for a certificate of appealability and the United States Supreme Court denied his petition for writ of certiorari (ECF Nos. 62, 64). On April 5, 2021, Volpicelli filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) (ECF No. 66). For reasons that follow, the motion is denied.

As the basis for his Rule 60(b) motion, Volpicelli claims that jurisdictional defects within his state habeas proceedings undermine the validity of this court's adjudication of his federal habeas petitions.[1] Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Because Volpicelli seeks relief under subsection (b)(6), he must make a showing of "extraordinary circumstances," which

---

[1] In case no. 3:14-cv-579-MMD Volpicelli challenged a 2013 amended state judgment of conviction.

"will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). While not subject to a specific time limit, a party who seeks under Rule 60(b)(6) must act within a "reasonable time." *See Bynoe v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020) (citing Fed. R. Civ. P. 60(c)(1)).

Here, Volpicelli does not identify any extraordinary circumstances other than the supposed "jurisdictional defects" in the state court habeas proceedings. With his motion he concedes that he "has been diligently litigating his extraordinary circumstances within the federal habeas proceedings for over a decade" (ECF No. 66, p. 3). To the extent Volpicelli presents new arguments or claims with his Rule 60(b) motion, he offers no justification for not raising them with this court or the Ninth Circuit in his prior federal proceedings. Thus, his Rule 60(b) motion is without merit and will be denied. *See Schanen v. United States Dep't of Justice*, 762 F.2d 805, 807-08 (9th Cir.1985), *reaff'd as modified*, 798 F.2d 348 (9th Cir.1986) (new arguments which a party could have raised prior to entry of the underlying judgment do not warrant relief under Rule 60(b)(6)).

**IT IS THEREFORE ORDERED** that Volpicelli's motion for relief from judgment under Fed. R. Civ. P. 60(b) (ECF No. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Volpicelli's motion for appointment of counsel (ECF No. 65) and motion to stay proceedings (ECF No. 76) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that all pending motions for extension of time (ECF Nos. 67, 68, 70, 71, 74, 78, and 79) are **GRANTED** *nunc pro tunc* as of their respective filing dates.

**IT IS FURTHER ORDERED** that Volpicelli's motion to order clerk to provide filed ECFs to petitioner (ECF No. 81) and motion for electronic service (ECF No. 82) are **GRANTED**. The Clerk is directed to electronically deliver ECF Nos. 76 and 77 to Volpicelli at lcclawlibrary@doc.nv.gov.

January 13, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE